UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

TEXTRON FINANCIAL CORPORATION,

      Plaintiff,

v.

WEERES INDUSTRIES CORPORATION,

      Defendant,

Civil No. 10-CV-2070 (JRT/LIB)

**REPORT AND RECOMMENDATION**

---

     This matter came before the undersigned United States Magistrate Judge upon Plaintiff's Motion for Summary Judgment as to Damages. The motion has been referred to the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons outlined below, the Court recommends that Plaintiff's Motion for Summary Judgment be granted.

## I.    BACKGROUND

     Plaintiff Textron Financial Corporation filed this breach of contract action on May 17, 2010. (See Compl. [Docket No. 1] at 4-6). On June 16, 2011, the undersigned issued a Report and Recommendation recommending that Plaintiff's Motion for Summary Judgment be granted in regard to liability but recommending that Plaintiff's Motion for Summary Judgment be denied in regard to the amount of damages. (See Report and Recommendation [Docket No. 40] at 21). Judge Tunheim adopted the Report and Recommendation on July 11, 2011. (See Order [Docket No. 41] at 1-2). Then, on August 18, 2011, Plaintiff filed this motion for summary judgment as to damages. (See Mot. for Summ. J. as to Damages [Docket No. 43]). Defendant responded that it did "not intend to file an objection" to the motion. (See Letter to Magistrate Judge [Docket

No. 52] at 1).  As such, the Court cancelled the motion hearing scheduled for November 9, 2011.

(See Notice [Docket No. 55] at 1).

## II.      STANDARD OF REVIEW

Summary Judgment is appropriate only when the evidence demonstrates that there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. Pro. 56(a); Smutka v. City of Hutchinson, 451 F.3d 522, 526 (8th Cir. 2006). A disputed fact is "material" if it might affect the outcome of the case, and a factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the burden of bringing forward sufficient admissible evidence to establish that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The evidence must be viewed in the light most favorable to the nonmoving party, and the nonmoving party must be given the benefit of all reasonable inferences to be drawn from the underlying facts in the record.  Mirax Chem. Prods. Corp. v. First Interstate Commercial Corp., 950 F.2d 566, 569 (8th Cir. 1991).  However, the nonmoving party may not rest on mere allegations or denials in its pleadings, but must set forth specific admissible evidence-based facts showing the existence of a genuine issue.  Forrest v. Kraft Foods, Inc., 285 F.3d 688, 691 (8th Cir. 2002).  The movant is entitled to summary judgment where the nonmoving party has failed "to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp., 477 U.S. at 322.  No genuine issue of fact exists in such a case because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id. at 323.

**III.    DISCUSSION**

Because the Court has already determined that Defendant breached the Repurchase

Agreement and is liable to Plaintiff for the breach, the only issue before the Court on this motion

is the amount of damages Plaintiff is entitled to recover as a result of the breach.

In its motion, Plaintiff argues that it "is entitled to damages equal to a percentage of the

invoice cost of repossessed inventory based on the length of time between the original invoice

date and the request for repurchase, plus all reasonable expenses incurred by TFC in connection

with the repossession and/or storage of the repossessed inventory."  (Pl.'s Mot. for Summ. J. as

to Damages [Docket No. 43] at 1-2).  Furthermore, it asserts that it is "entitled to prejudgment

interest accruing from the date it filed this action, May 17, 2010, until judgment is entered, at the

rate of 10.00% per annum, and postjudgment interest accruing [] from the date the judgment is

entered."  (Id. at 2).

Section 3 of the Repurchase Agreement provides as follows:

> Should Textron Financial at any time repossess or otherwise come into possession
> of any Goods financed or refinanced by Textron Financial for any Dealer
> (whether acquired by such Dealer from [Weeres] or from a Distributor of such
> Goods), with or without notice to or approval of [Weeres], [Weeres] shall
> repurchase such Goods from Textron Financial upon the following terms and
> conditions:
>> (a) [Weeres] shall repurchase such Goods from Textron Financial within thirty
>> (30) calendar days upon receipt of notice from Textron Financial that such Goods are in
>> Textron Financial's possession, wherever located and in new and unused condition,
>> subject to normal wear and tear incident to display and demonstration, without any
>> express or implied warranties as to merchantability or fitness for a particular purpose[.]"

(Decl. of Richard Molyneux [Docket No. 46] at 7-8).  The Repurchase Agreement also provides

that the repurchase price for the goods will be equal to a percentage of the invoice costs for the

goods based upon the length of time between the original invoice and Textron's request for

repurchase.  (Id. at 8).  In particular, the repurchase price would be 100 percent of the invoice

cost if Textron made the request within 360 days of the invoice; 90 percent of the invoice cost if the request was made within 361 to 540 days of the invoice date; and 0 percent of the invoice cost if the repurchase request was made more than 540 days after the date of the invoice.  (Id.) Under the Agreement, Weeres would also be responsible for "all reasonable expenses incurred by Textron Financial in connection with the repossession and/or storage of such Goods (including legal fees)."  (Id.)

In support of the motion, Plaintiff provided Richard Molyneux's declaration which includes, as exhibits, corporate business records pertaining to Plaintiff's invoice of the loans on the repossessed items at issue, Plaintiff's requests to Defendant for Defendant to repurchase the repossessed items, Plaintiff's proceeds from the sale of the repossessed items, and the storage and transportation costs associated with the repossessed items.  (Decl. of Richard Molyneux [Docket No. 46] at 1-2).  Based on the formula in the Repurchase Agreement between the parties, Plaintiff asserts that it "is entitled to damages in the amount of $201,687.05."  (Pl.'s Mot. for Summ. J. as to Damages at 1-2).  In support of this calculation, Plaintiff provided a spreadsheet (summary sheet) that breaks down the alleged computation values for each item of the eighty-five items alleged.  (See Docket No. 46-8 at 1-2).

Although Defendant provided via letter that it would not object to the motion, and thereby waived any objection regarding the foundation, authenticity, or admissibility of the business records presented by Plaintiff, the Court has independently reviewed the business records and receipts provided by Plaintiff to determine if they support Plaintiff's damages calculation.  Applying the formula in the Agreement—original invoice amount multiplied by the repurchase percentage less any amount received from the sale of the property—the Court has calculated a slightly different number from Plaintiff's alleged amount of damages.  The

4

recalculation is necessary because the business records provided by Plaintiff in support of the motion do not in every instance provide an evidentiary foundation for every line item on the summary spreadsheet submitted by Plaintiff.  However, because the Plaintiff's summary spreadsheet is substantially correct, for the benefit of the parties, the Court provides with this recommendation an updated summary sheet that reflects the Court's limited changes.

Regarding the amounts received from the sale of the repossessed items, Plaintiff has failed to provide a business record for all of the separately alleged items in the summary sheet. Plaintiff provided sixty-three screenshots of what appear to be Plaintiff's accounting software, which depicts the payment secured for each respective item, as identified by its serial number. Though no receipts have been provided to support the entries in the accounting software, because Defendant did not object to the foundation or accuracy of evidence presented, the Court accepts these entries for purposes of the present motion.  Plaintiff also provides copies of two separate "repossession bill[s] of sale," which together provide the amounts for six additional alleged items in the Plaintiff's summary spreadsheet.  (See Docket No. 46-6 at 34-37).  Again, because Defendant did not object to these records, the Court accepts them for the present motion.

However, seven of the items (MUSC21904B707, 1071366, 1071750, MUS21914B707, 1008769, MUS21913B707, and 1003144) have no business records submitted that provide the resale price.  Because there is no source evidence[1] to support the resale price provided in the summary sheet, the Court cannot determine (beyond mere speculation) the damages for any of these seven items, which reduces Plaintiff's calculated award by $18,697.89.

For the other nine items, the record is less clear.  Plaintiffs provided copies of portions of several tables but failed to explain precisely where these table entries come from.  (See Docket

---

[1] The Plaintiff's summary spreadsheet itself, even without objection by the Defendant, is not itself evidence.  It is not a document kept in the regular course of business, it was prepared solely for purposes of this litigation, and amounts to little more (without some supporting documents) than a mere allegation of Plaintiff's damages.

No. 46-6 at 19-33).  In addition to the table entries, which provide the resale price for one or more of the alleged items in each table entry, Plaintiffs provided copies of "repo commission agreement[s]" and a copy of the check for each item.  (Id.)  Although some of the tables identify more than one item, the respective, associated commission agreement and check specifically identify only one of the items listed on the respective table: the serial number listed on each check and commission report specifically identify only one item.  In these instances, based on the face of the information in the commission report and associated check, the Court will apply the check value only toward the item with the serial number listed on the check and commission report.  The application of the check to only the respective item referenced thereon further reduces Plaintiff's damages calculation by an additional $23,522.20.  Also, for the four items included in these tables, but which are not listed in any commission report or on the checks (1071365, 105570, 1053783, 1008918), the Court declines to award damages, which further reduces Plaintiff's calculation by $10,334.15.

Next, the Court addresses Plaintiff's claimed "reimbursable expenses," which it spent storing and relocating certain items.  Regarding all of the "Kip Williams Boat Country" items, with the exception of items MUS21908B707 and MUS21913B707[2], Plaintiff has failed to provide any itemized record that demonstrates the costs incurred were associated with any specifically  alleged item which is a subject of the present lawsuit.  Instead, Plaintiff only submitted a generic receipt for seventy five "units shuttled," which does not include any serial numbers to identify the items shuttled, and a generic invoice for seventy three "units storage fees," which also does not include any serial numbers to identify the items stored.  (See Docket No. 46-7 at 5-6).  Without any clearly related source evidence in the record to demonstrate that

---

[2] Although the Court cannot award the damages for this item where Plaintiff failed to provide sufficient source evidence of the resale price, because Plaintiff has provided sufficient source evidence of its costs associated with transport and storage in an effort to mitigate the damage, the Court will award the transport and storage costs.

the receipt and invoice were for any of the specific items alleged in this case, the Court declines

to award the costs alleged for the twenty-two "Kip Williams Boat Country" items, except the two

listed above.  The amount calculated by Plaintiff is further reduced by $4,599.20.

Finally, the Court notes two discrepancies in the summary sheet (used by Plaintiff to

calculate the amount) that appear to simply be typographical errors.  First, the reimbursable

expense for item MUS17648F809 is $1,319.50, rather than $1,319.60.  (See Docket No. 46-7 at

1).  Second, the reimbursable expense for item SBP22626I809 is $225.00, rather than $229.96.

(See Docket No. 46-7 at 4).  Thus, the amount is further reduced by $5.06.

In addition to the damages under the Repurchase Agreement, Plaintiff requests

prejudgment and postjudgment interest.  (Pl.'s Mem. in Supp. of Its Mot. for Summ. J. as to

Damages [Docket No. 45] at 4).  Although "[t]he Repurchase Agreement provides for the

application of Rhode Island law," which provides for 12.00% interest, Plaintiff "is agreeable to a

prejudgment interest rate of 10.00% per annum."  (Pl.'s Mem. in Supp. of Its Mot. for Summ. J.

as to Damages at 4).  Because "[p]ursuant to Minnesota's conflict-of-laws analysis, prejudgment

interest is a procedural issue and, therefore, Minnesota courts apply the forum's law," the Court

will apply Minnesota law to determine prejudgment interest.  Hartford Fire Ins. Co. v. Pearson

Mech. Serv., Inc., No. 10-cv-2818 (SRN/FLN), 2011 WL 3793972, at *3 (D. Minn. Aug. 25,

2011).  "Prejudgment interest in Minnesota is governed by Minnesota Statute Section 549.09,

which provides that prejudgment interest shall be computed 'from the time of the

commencement of the action ... or the time of a written notice of claim, whichever occurs first . .

. .'"  Jackson Nat. Life Ins. Co. v. Workman Securities Corp., No. 09-1024 (JRT/FLN), 2011 WL

5142968, at *1 (D. Minn. Oct. 11, 2011) (quoting Minn. Stat. § 549.09 subd. 1(b)) (awarding

prejudgment interest on a breach of contract claim).  Furthermore, "[f]or a judgment or award

over $50,000, the interest rate shall be ten percent per year until paid." Minn. Stat. § 549.09, subd. 1(c)(2).

Defendant did not oppose Plaintiff's request for prejudgment or postjudgment interest, nor did Defendant oppose Plaintiff's request for the application of Minnesota's 10.00% interest per annum.

The Court finds that prejudgment interest is appropriate, as calculated at the date of judgment. At the time of decision of this motion, the prejudgment interest amounted to $23,837.31 (10% per annum rate of interest for 602 days on $144,528.55). The Court also finds that, pursuant to 28 U.S.C. § 1961, postjudgment interest would be appropriate. Smith v. Lurie, No. 09-3513 (DWF/SER), 2011 WL 1790332, at *8 (D. Minn. May 10, 2011) (awarding "postjudgment pursuant to 28 U.S.C. § 1961, to begin accruing upon entry of judgment in this action").

## IV.   CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein,

   **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Summary Judgment [Docket No. 43] be **GRANTED**.


Dated: January 9, 2012                                        s/Leo I. Brisbois
                                                             LEO I. BRISBOIS
                                                             United States Magistrate Judge


### N O T I C E

   Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by January 23, 2012**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof.

Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.

| Item # | % | Financed Amount | Total Amount Owed to Def. Under Agreement | Amount Owed Under Original Invoice | % Paid | Amount Owed by Def. | Reimbursable Expenses | Total |
|---|---|---|---|---|---|---|---|---|
| 1 | 90% | $ 17,739.00 | $ 15,965.10 | $ 6,209.00 | 65.00% | $ 4,435.10 | | $ 4,435.10 |
| 2 | 90% | $ 15,236.00 | $ 13,712.40 | $ 5,660.00 | 62.85% | $ 4,136.40 | | $ 4,136.40 |
| 3 | 90% | $ 22,854.00 | $ 20,568.60 | $ 8,490.00 | 62.85% | $ 6,204.60 | | $ 6,204.60 |
| 4 | 90% | $ 11,826.00 | $ 10,643.40 | $ 4,138.00 | 65.01% | $ 2,955.40 | | $ 2,955.40 |
| 5 | 90% | $ 6,358.00 | $ 5,722.20 | $ 1,462.00 | 77.01% | $ 826.20 | | $ 826.20 |
| 6 | 90% | $ 9,537.00 | $ 8,583.30 | $ 2,193.00 | 77.01% | $ 1,239.30 | | $ 1,239.30 |
| 7 | 90% | $ 9,981.00 | $ 8,982.90 | $ 4,017.65 | 59.75% | $ 3,019.55 | | $ 3,019.55 |
| 8 | 90% | $ 10,448.00 | $ 9,403.20 | $ 2,455.28 | 76.50% | $ 1,410.48 | | $ 1,410.48 |
| 9 | 90% | $ 15,672.00 | $ 14,104.80 | $ 3,682.92 | 76.50% | $ 2,115.72 | | $ 2,115.72 |
| 10 | 90% | $ 6,654.00 | $ 5,988.60 | $ 2,956.85 | 55.56% | $ 2,291.45 | | $ 2,291.45 |
| 11 | 90% | $ 9,981.00 | $ 8,982.90 | $ 3,131.70 | 68.62% | $ 2,133.60 | | $ 2,133.60 |
| 12 | 90% | $ 6,654.00 | $ 5,988.60 | $ 2,087.80 | 68.62% | $ 1,422.40 | | $ 1,422.40 |
| 13 | 90% | $ 13,138.00 | $ 11,824.20 | $ 3,475.50 | 73.55% | $ 2,161.70 | | $ 2,161.70 |
| 14 | 90% | $ 9,938.00 | $ 8,944.20 | $ 3,262.37 | 67.17% | $ 2,268.57 | | $ 2,268.57 |
| 15 | 90% | $ 19,707.00 | $ 17,736.30 | $ 7,094.50 | 64.00% | $ 5,123.80 | | $ 5,123.80 |
| 16 | 90% | $ 14,907.00 | $ 13,416.30 | $ 4,902.13 | 67.12% | $ 3,411.43 | | $ 3,411.43 |
| 17 | 90% | $ 17,256.00 | $ 15,530.40 | $ 4,817.70 | 72.08% | $ 3,092.10 | | $ 3,092.10 |
| 18 | 90% | $ 13,298.00 | $ 11,968.20 | $ 4,655.00 | 64.99% | $ 3,325.20 | | $ 3,325.20 |
| 19 | 90% | $ 19,947.00 | $ 17,952.30 | $ 6,981.00 | 65.00% | $ 4,986.30 | | $ 4,986.30 |
| 20 | 90% | $ 11,504.00 | $ 10,353.60 | $ 3,211.80 | 72.08% | $ 2,061.40 | | $ 2,061.40 |
| 21 | 90% | $ 4,852.00 | $ 4,366.80 | $ 1,419.80 | 70.74% | $ 934.60 | | $ 934.60 |
| 22 | 90% | $ 6,645.00 | $ 5,980.50 | $ 2,162.10 | 67.46% | $ 1,497.60 | | $ 1,497.60 |
| 23 | 90% | $ 4,430.00 | $ 3,987.00 | $ 763.56 | 82.76% | $ 320.56 | | $ 320.56 |
| 24 | 90% | $ 7,278.00 | $ 6,550.20 | $ 2,129.70 | 70.74% | $ 1,401.90 | | $ 1,401.90 |
| 25 | 90% | $ 6,348.00 | $ 5,713.20 | $ 1,488.00 | 76.56% | $ 853.20 | | $ 853.20 |
| 26 | 90% | $ 9,522.00 | $ 8,569.80 | $ 2,232.00 | 76.56% | $ 1,279.80 | | $ 1,279.80 |
| 27 | 100% | $ 4,430.00 | $ 4,430.00 | $ 1,534.62 | 65.36% | $ 1,534.62 | | $ 1,534.62 |
| 28 | 100% | $ 6,645.00 | $ 6,645.00 | $ 2,309.88 | 65.24% | $ 2,309.88 | | $ 2,309.88 |
| 29 | 100% | $ 5,088.00 | $ 5,088.00 | $ 966.72 | 81.00% | $ 966.72 | | $ 966.72 |
| 30 | 100% | $ 3,392.00 | $ 3,392.00 | $ 644.48 | 81.00% | $ 644.48 | | $ 644.48 |
| 31 | 100% | $ 5,088.00 | $ 5,088.00 | $ 1,038.00 | 79.60% | $ 1,038.00 | $ 1,319.50 | $ 2,357.50 |
| 32 | 100% | $ 8,320.00 | $ 8,320.00 | $ 1,720.00 | 79.33% | $ 1,720.00 | | $ 1,720.00 |
| 33 | 100% | $ 6,780.00 | $ 6,780.00 | $ 1,380.00 | 79.65% | $ 1,380.00 | $ 1,319.50 | $ 2,699.50 |
| 34 | 100% | $ 4,520.00 | $ 4,520.00 | $ 920.00 | 79.65% | $ 920.00 | | $ 920.00 |
| 35 | 100% | $ 12,480.00 | $ 12,480.00 | $ 2,580.00 | 79.33% | $ 2,580.00 | | $ 2,580.00 |
| 36 | 100% | $ 3,392.00 | $ 3,392.00 | $ 692.00 | 79.60% | $ 692.00 | | $ 692.00 |
| 37 | 100% | $ 5,574.00 | $ 5,574.00 | $ 1,574.00 | 71.76% | $ 1,574.00 | | $ 1,574.00 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 38 | 100% | $ 8,361.00 | $ 8,361.00 | $ 2,308.00 | 72.40% | $ 2,308.00 | $ 1,319.50 | $ 3,627.50 |
| 39 | 100% | $ 5,088.00 | $ 5,088.00 | $ 966.72 | 81.00% | $ 966.72 | | $ 966.72 |
| 40 | 100% | $ 3,392.00 | $ 3,392.00 | $ 644.48 | 81.00% | $ 644.48 | | $ 644.48 |
| 41 | 100% | $ 5,862.00 | $ 5,862.00 | $ 1,164.00 | 80.14% | $ 1,164.00 | | $ 1,164.00 |
| 42 | 100% | $ 6,630.00 | $ 6,630.00 | $ 1,757.80 | 73.49% | $ 1,757.80 | | $ 1,757.80 |
| 43 | 100% | $ 5,862.00 | $ 5,862.00 | $ 1,812.00 | 69.09% | $ 1,812.00 | | $ 1,812.00 |
| 44 | 100% | $ 3,908.00 | $ 3,908.00 | $ - | 100.00% | $ - | | $ - |
| 45 | 100% | $ 9,945.00 | $ 9,945.00 | $ 2,636.70 | 73.49% | $ 2,636.70 | | $ 2,636.70 |
| 46 | 100% | $ 3,908.00 | $ 3,908.00 | $ 776.00 | 80.14% | $ 776.00 | | $ 776.00 |
| 47 | 100% | $ 3,908.00 | $ 3,908.00 | $ 742.52 | 81.00% | $ 742.52 | | $ 742.52 |
| 48 | 100% | $ 5,862.00 | $ 5,862.00 | $ 1,113.78 | 81.00% | $ 1,113.78 | | $ 1,113.78 |
| 49 | 90% | $ 8,648.00 | $ 7,783.20 | $ 2,549.00 | 70.52% | $ 1,684.20 | $ 225.00 | $ 1,909.20 |
| 50 | 90% | $ 18,753.50 | $ 16,878.15 | $ 7,454.50 | 60.25% | $ 5,579.15 | $ 225.00 | $ 5,804.15 |
| 51 | 100% | $ 6,185.00 | $ 6,185.00 | $ 1,865.00 | 69.85% | $ 1,865.00 | | $ 1,865.00 |
| 52 | 100% | $ 2,795.00 | $ 2,795.00 | $ 651.00 | 76.71% | $ 651.00 | $ 225.00 | $ 876.00 |
| 53 | 100% | $ 13,157.00 | $ 13,157.00 | $ 2,858.00 | 78.28% | $ 2,858.00 | $ 225.00 | $ 3,083.00 |
| 54 | 100% | $ 12,332.75 | $ 12,332.75 | $ 4,283.75 | 65.27% | $ 4,283.75 | $ 225.00 | $ 4,508.75 |
| 55 | 100% | $ 5,480.00 | $ 5,480.00 | $ 1,181.00 | 78.45% | $ 1,181.00 | $ 225.00 | $ 1,406.00 |
| 56 | 100% | $ 6,500.00 | $ 6,500.00 | $ 1,901.00 | 70.75% | $ 1,901.00 | $ 225.00 | $ 2,126.00 |
| 57 | 100% | $ 7,060.00 | $ 7,060.00 | $ 1,661.00 | 76.47% | $ 1,661.00 | $ 225.00 | $ 1,886.00 |
| 58 | 100% | $ 5,410.00 | $ 5,410.00 | $ 1,511.00 | 72.07% | $ 1,511.00 | $ 225.00 | $ 1,736.00 |
| 59 | 100% | $ 8,030.00 | $ 8,030.00 | $ 3,665.00 | 54.36% | $ 3,665.00 | $ 225.00 | $ 3,890.00 |
| 60 | 90% | $ 11,586.00 | $ 10,427.40 | $ 4,026.00 | 65.25% | $ - | $ - | $ - |
| 61 | 90% | $ 7,724.00 | $ 6,951.60 | $ 2,720.00 | 64.79% | $ 1,947.60 | $ - | $ 1,947.60 |
| 62 | 90% | $ 11,586.00 | $ 10,427.40 | $ 4,080.00 | 64.79% | $ 2,921.40 | $ 926.25 | $ 3,847.65 |
| 63 | 90% | $ 7,724.00 | $ 6,951.60 | $ 2,684.00 | 65.25% | $ - | $ - | $ - |
| 64 | 90% | $ 9,933.00 | $ 8,939.70 | $ 59.25 | 99.40% | $ - | $ - | $ - |
| 65 | 90% | $ 6,622.00 | $ 5,959.80 | $ 2,661.87 | 59.80% | $ - | $ - | $ - |
| 66 | 90% | $ 7,534.00 | $ 6,780.60 | $ 2,755.25 | 63.43% | $ - | $ - | $ - |
| 67 | 90% | $ 11,301.00 | $ 10,170.90 | $ 3,956.00 | 64.99% | $ - | $ - | $ - |
| 68 | 90% | $ 13,223.76 | $ 11,901.38 | $ 4,223.76 | 68.06% | $ - | $ - | $ - |
| 69 | 90% | $ 19,835.64 | $ 17,852.08 | $ 6,335.64 | 68.06% | $ - | $ 926.25 | $ 926.25 |
| 70 | 90% | $ 14,616.00 | $ 13,154.40 | $ (2,007.75) | 113.74% | $ (3,469.35) | | $ (3,469.35) |
| 71 | 90% | $ 9,984.00 | $ 8,985.60 | $ 3,344.44 | 66.50% | $ - | $ - | $ - |
| 72 | 90% | $ 14,976.00 | $ 13,478.40 | $ (1,647.75) | 111.00% | $ (3,145.35) | $ - | $ (3,145.35) |
| 73 | 90% | $ 9,984.00 | $ 8,985.60 | $ 3,694.08 | 63.00% | $ - | $ - | $ - |
| 74 | 90% | $ 14,976.00 | $ 13,478.40 | $ (747.75) | 104.99% | $ (2,245.35) | $ - | $ (2,245.35) |
| 75 | 90% | $ 6,622.00 | $ 5,959.80 | $ 3,239.50 | 51.08% | $ 2,577.30 | $ - | $ 2,577.30 |
| 76 | 90% | $ 9,933.00 | $ 8,939.70 | $ 4,859.25 | 51.08% | $ 3,865.95 | $ - | $ 3,865.95 |
| 77 | 90% | $ 12,066.00 | $ 10,859.40 | $ 4,499.36 | 62.71% | $ - | $ - | |
| 78 | 90% | $ 18,099.00 | $ 16,289.10 | $ (774.75) | 104.28% | $ (2,584.65) | $ - | $ (2,584.65) |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 79 | 90% | $ 21,204.00 | $ 19,083.60 | $ 4,154.86 | 80.41% | $ 2,034.46 | $ - | $ 2,034.46 |
| 80 | 90% | $ 7,068.00 | $ 6,361.20 | $ 2,544.48 | 64.00% | $ - | $ - | $ - |
| 81 | 90% | $ 7,068.00 | $ 6,361.20 | $ 1,384.95 | 80.41% | $ 678.15 | $ - | $ 678.15 |
| 82 | 90% | $ 5,835.00 | $ 5,251.50 | $ 2,042.25 | 65.00% | $ 1,458.75 | $ 267.00 | $ 1,725.75 |
| 83 | 90% | $ 5,360.00 | $ 4,824.00 | $ 1,876.00 | 65.00% | $ 1,340.00 | $ 267.00 | $ 1,607.00 |
| 84 | 90% | $ 9,227.25 | $ 8,304.53 | $ 2,927.25 | 68.28% | $ 2,004.53 | $ 267.00 | $ 2,271.53 |
| 85 | 100% | $ 15,522.95 | $ 15,522.95 | $ 6,985.95 | 55.00% | $ 6,985.95 | $ 267.00 | $ 7,252.95 |

| Total: | | $ 814,106.85 | | $ 223,817.45 | | $ 135,399.55 | | $ 144,528.55 |
|---|---|---|---|---|---|---|---|---|

| | |
|---|---|
| | :items removed because no records existed |
| | :items changed because check applied in full |
| | :items removed because no records based on check being applied |
| | :items removed because no records for storage + relocating |
| | :items changed because of typographical error |